FILED
United States Court of Appeals
Tenth Circuit

May 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAMMY FISHER,

     Plaintiff - Appellant,

v.

BRIAN KOOPMAN, individually and in
his official capacity as Detective in
Loveland, Colorado Police Department;
LUKE HECKER, individually and in his
official capacity as Chief of Loveland
Police Department,

     Defendants - Appellees.

No. 16-1335
(D.C. No. 1:15-CV-00166-WJM-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

    After an investigation spearheaded by Detective Brian Koopman, the Loveland

Police Department (the "Department") accused former police officer Tammy Fisher

of alerting friends to a child pornography investigation—allowing the friends to

delete files from their computer's hard drive before the police executed a search

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

warrant. The Department ultimately decided not to pursue any official misconduct charges against Ms. Fisher, but the matter did not end there.

Ms. Fisher filed this 42 U.S.C. § 1983 action against Detective Koopman and the Chief of Police, Luke Hecker. She alleged malicious prosecution and failure to train and supervise in violation of her due process rights under the Fourteenth Amendment, as well as numerous state law claims. Later, she sought to add another defendant and Fourth Amendment claims. The district court denied her motion to amend and ultimately granted summary judgment in favor of the defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Ms. Fisher worked for the Loveland Police Department for 15 years, first as a community service officer then as a police officer. She retired in September 2012, though she remained connected to the Department through her marriage to police sergeant Jeff Fisher.

In July 2012, toward the end of her employment, Ms. Fisher responded to a harassment call at the home of Stanley and Lisa Romanek. Upon her return to the station, she learned the Department was investigating the Romaneks for child pornography. Even so, Ms. Fisher and her husband developed a friendship with the Romaneks. They met periodically during the March-April 2013 time frame and dined together in early April. The parties debate what Ms. Fisher said and when she said it, but at some point Ms. Fisher alerted the Romaneks to the ongoing child pornography investigation against them.

2

That investigation dates back to 2009.  It stalled, then resumed in 2013 when a federal law enforcement agency notified the Department of additional illegal activity originating at Mr. Romanek's IP address.  Detective Koopman took charge and requested a search warrant for the Romaneks' home on April 10, 2013.  The Department executed the search warrant on April 12, only to find that files on the hard drive of the Romaneks' computer had recently been erased.  Meanwhile, as the search was taking place, Ms. Romanek advised Detective Koopman of the Romanek-Fisher friendship.  She also told him how Ms. Fisher warned her approximately three weeks earlier to expect a police visit, having issued an earlier warning in 2012.  A search of Ms. Romanek's cell phone corroborated an exchange of texts between the women at critical times during the Department's investigation.

Convinced Ms. Fisher had thwarted the investigation by tipping off the Romaneks, Detective Koopman expanded his criminal inquiry to encompass her.  On May 8, 2013, he submitted an application for a search warrant for Ms. Fisher's phone records from March 1 to April 12, 2013.  The record contains no evidence the Department actually executed a search, though.  Nor did the Department ever file charges against, detain, or arrest her.  It considered filing charges under C.R.S. § 18-8-405 ("Second degree official misconduct") but did not do so because of statute of limitations concerns.

Unhappy with the Department's investigation of her, Ms. Fisher filed this lawsuit against Detective Koopman and Chief Hecker in state court—naming them in both their individual and official capacities.  She asserted two federal claims based

3

on the Fourteenth Amendment. For the first claim, she alleged that both men pursued a malicious prosecution against her without probable cause, focusing in particular on Detective Koopman's application for a search warrant. For the second claim, she alleged that Chief Hecker failed to adequately train and supervise Detective Koopman and others in the Department. She also asserted ten tort claims arising under Colorado law. Against Detective Koopman, she alleged malicious prosecution, intentional infliction of emotional distress, tortious interference with a business relationship, abuse of process, and defamation per se. Against Chief Hecker, she alleged negligent hiring, negligent supervision, negligent retention, respondeat superior, and vicarious liability.

The defendants removed the action to federal court. After the deadline passed to amend her complaint as a matter of course, Ms. Fisher sought leave to add the City of Loveland as a defendant and to plead her malicious prosecution claims as Fourth Amendment violations as well. The magistrate judge issued a report and recommendation (R&R) to deny the motion to amend, concluding: (1) suing the City of Loveland would be duplicative since the defendants already were sued in their official capacities; and (2) adding Fourth Amendment-based malicious prosecution claims would be futile since Ms. Fisher concedes she was never seized or prosecuted, as required for such claims. Ms. Fisher objected to the R&R, but the district court adopted it and denied the motion for leave to amend.

Following extensive discovery, the defendants moved for summary judgment. They challenged the claims on the merits and also asserted qualified immunity for the

4

federal claims and immunity under the Colorado Governmental Immunity Act (CGIA) for the state claims. In her response, Ms. Fisher tried to salvage the federal claims by again seeking to add Fourth Amendment claims; in the alternative, she asked the district court to treat her pending claims as already encompassing the Fourth Amendment.

The district court granted summary judgment to the defendants. It held that the malicious prosecution claims based on the Fourteenth Amendment fail as a matter of law. It rejected the notion that the pending claims somehow include a Fourth Amendment violation, citing the plain language of the complaint and the motion to amend to *add* Fourth Amendment claims (which it again deemed futile). And it determined that the state law claims, as a group, are subject to dismissal based on CGIA immunity—though it also explained why summary judgment is appropriate for each claim based on the merits and record evidence (or lack thereof). Ms. Fisher appealed.

## II. ANALYSIS

### A. Motion for Leave to Amend Complaint

In *Albright v. Oliver*, 510 U.S. 266, 274 (1994) (plurality opinion), a plurality of the Supreme Court declared the Fourth Amendment to be the "relevan[t]" constitutional provision to assess "the deprivations of liberty that go hand in hand with criminal prosecutions." The plaintiff in *Albright* had not included a Fourth Amendment claim in his complaint, so the Court rejected his suit. *Id.* at 275. Anxious to avoid the same outcome, Ms. Fisher belatedly—and unsuccessfully—

5

sought permission to amend her complaint to add Fourth Amendment claims. She now appeals the denial of that request, cognizant that our resolution of this issue effectively determines the fate of her federal claims.

"In general, leave to amend a complaint should be freely granted 'when justice so requires.'" *Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)), *cert. denied*, 137 S. Ct. 197 (2016). But there are a number of well established reasons to deny leave to amend, including futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014) (internal quotation marks omitted). "[W]e generally review for abuse of discretion a district court's denial of leave to amend a complaint." *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). But where, as here, denial is based on a futility determination, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (internal quotation marks omitted).

Ms. Fisher contends the district court's futility assessment was erroneous for two reasons. First, she argues a search without a seizure can support a claim for malicious prosecution. Second, she asserts it is enough that Detective Koopman and the Department "conducted a criminal investigation, presented possible (false) charges to a court to obtain a search warrant, and formally submitted a criminal charge to the district attorney." Aplt. Opening Br. at 25. Our precedent holds otherwise.

6

"We have repeatedly recognized in this circuit that, at least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be *the Fourth Amendment's right to be free from unreasonable seizures*," rather than the Fourteenth Amendment's due process guarantees. *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (internal quotation marks omitted) (emphasis added). The seizure requirement is incorporated into the elements for a Fourth Amendment-based malicious prosecution claim under § 1983: "(1) the defendant caused the plaintiff's *continued confinement or prosecution*; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original *arrest, continued confinement, or prosecution*; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (emphasis added).

In *Becker*, we discussed seizures of both property and persons. *See* 494 F.3d at 914-17. Ms. Fisher cannot establish either, even under the most generous version of the facts. She does not allege any search or seizure of her phone records or other property. And we have refused to "expand Fourth Amendment liability" to cases in which "the plaintiff has not been arrested or incarcerated." *Id.* at 915; *see also id.* ("A groundless charging decision may abuse the criminal process, but it does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty."). Ms. Fisher explicitly concedes she was not charged with a crime or confined. *See, e.g.*, Opening Br. at 8 ("The investigation and any prosecution were terminated prior to the filing of criminal charges."); *id.* at 25 ("It is already settled that

7

Fisher was not arrested or imprisoned during this event. In fact, it is also not disputed that Fisher was even charged with a crime (the activity being complained of having terminated without charges)."). Under these circumstances, we discern no abuse of discretion in the district court's denial of her motion as futile.

**B.      Summary Judgment Motion**

Ms. Fisher also challenges the district court's summary judgment ruling. We review the grant of summary judgment de novo, applying the same standard the district court applied. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, "[w]e must view facts in the light most favorable to the non-moving part[y]" and "resolv[e] all factual disputes and reasonable inferences in [her] favor." *Cillo*, 739 F.3d at 461 (internal quotation marks omitted).

Once again we agree with the district court. As a threshold matter, Ms. Fisher did not present a "competent factual record" in opposing summary judgment. *See* R., Vol. 1 at 92. For example, she failed to comply with practice standards that require the non-moving party to admit or deny each enumerated fact asserted by a defendant, she did not include appropriate citations to evidence to support her own statement of facts, and the limited record evidence cited does not support her statements. *See* R., Vol. 1 at 92-94. Her appellate briefs are similarly flawed, as they consist largely of unsubstantiated statements without any "citations to the . . . parts of the record on

8

which [she] relies," as required by Fed. R. App. P. 28(a)(8)(A).  Even with these deficiencies, however, it is clear the "claims fail as a matter of law under any version of the facts put forward."  R., Vol. 1 at 94.

## 1. Federal Claims for Malicious Prosecution

Turning first to the federal claims, both of Ms. Fisher's malicious prosecution claims are based on the Fourteenth Amendment.  But we explained in *Becker* that a plaintiff "must allege a violation of the Fourth Amendment in order to proceed on a theory of § 1983 malicious prosecution."  494 F.3d at 919.  *Becker* thus presents an insurmountable obstacle to the § 1983 claims:  Because Ms. Fisher did not (and cannot) allege a Fourth Amendment violation, her federal malicious prosecution claims have no constitutional violation to sustain them.

The lack of a constitutional violation likewise dooms the official capacity claims against Detective Koopman and Chief Hecker.  An official capacity suit against a municipal official like a police officer is treated as a suit against the municipality.  *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988).  And "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."  *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).  Likewise, the failure to train and supervise claim against Chief Hecker fails without a constitutional violation.  *See* Aplt. Reply Br. at 11 ("conced[ing]" this claim is "appropriately dismissed" "if there is no underlying constitutional violation").

Boxed in, Ms. Fisher tries to overcome the ramifications of *Becker* with a brand new argument:  The Fourteenth Amendment can sustain a malicious prosecution claim

9

where no adequate state remedy exists. And Colorado does not have an adequate remedy because the potential for qualified immunity under the CGIA dilutes due process protections. We decline to consider this belated contention. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (explaining that a theory not raised before the trial court is forfeited). We "will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result." *Richison*, 634 F.3d at 1128. That is decidedly not the case here.

## 2. State Law Claims

Last, Ms. Fisher challenges the district court's findings for all of her state law claims, without going into any depth on how the court purportedly erred. We affirm the summary judgment grant on the state law claims for substantially the same reasons outlined in the district court's thorough and well reasoned order dated August 1, 2016. The district court correctly explained why all of these claims fail under the CGIA, which immunizes Detective Koopman and Chief Hecker from suit because Ms. Fisher has not established willful and wanton behavior. It also undertook a painstakingly detailed analysis of each claim, in which it explained why summary judgment is appropriate based on the merits and a lack of record evidence. We have nothing to add to the district court's assessment.

## III.   CONCLUSION

We affirm the district court's denial of Ms. Fisher's motion to amend the complaint and its grant of summary judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge